THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
Case Number: 7:23-cv-00013

| | |
|---|---|
| ROBERT FLOYD and ) | |
| JOHNNY SOUTHERLAND, ) | |
| ) | **COMPLAINT** |
| Plaintiffs, ) | |
| ) | **JURY TRIAL DEMANDED** |
| vs. ) | |
| ) | |
| ZWICKER & ASSOCIATES, P.C. ) | |
| ) | |
| Defendant. ) | |

## I.   INTRODUCTION

1. This action is brought by Plaintiffs Robert Floyd and Johnny Southerland for actual damages and statutory damages against Defendant Zwicker & Associates, P.C., for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter referred to as "FDCPA"), which prohibits debt collectors and collection attorneys from engaging in abusive, deceptive, or unfair practices and from threatening actions not permitted by law.

2. As shown below, Defendant filed a lawsuit against Plaintiff in an attempt to collect a debt that was outside the applicable statute of limitations, *i.e.*, a "stale" or "time-barred" debt. Despite having been told repeatedly by

Page 1

Plaintiff's counsel that the applicable statute of limitations prohibited judicial enforcement, Defendant has continued to seek collection of the debt.

## II. JURISDICTION

3. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. Venue is proper in this district as all relevant events took place here.

## III. PARTIES

4. Plaintiff Robert Floyd is an individual who resides in Midway Park, North Carolina.

5. Mr. Floyd allegedly owed a debt to Discover Bank.

6. Ms. Floyd is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

7. Plaintiff Johnny Southerland is an individual who resides in Midway Park, North Carolina.

8. Mr. Southerland allegedly owed a debt to Discover Bank.

9. Mr. Southerland is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

10. Defendant Zwicker & Associates, P.C. is a corporation and collection law firm with its principal office in Andover, Massachusetts.

11. Defendant is engaged in the collection of debts from consumers using the mail, telephone, and North Carolina State Court system.

12. Defendant regularly attempts to collect consumer debts alleged to be due to another.

13. Defendant engages, directly or indirectly, in debt collection from consumers.

14. Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

**A. Mr. Floyd, Mr. Southerland, and the Zwicker Lawsuit**

15. In 2009, Mr. Floyd allegedly sought and received two private student loans from Discover Bank.

16. In 2009, Mr. Southerland allegedly co-signed an application for the same private student loans from Discover Bank allegedly sought by Mr. Floyd.

17. Mr. Floyd and Mr. Southerland allegedly owed past-due balances on the Discover Bank student loan accounts (collectively, "the Debt").

18. The Debt was incurred for personal, family, or household purchases; *i.e.*, student loans for school tuition.

19. The last payment toward the Debt made by Mr. Floyd or Mr. Southerland was prior to January 25, 2019.

20. Mr. Floyd and Mr. Southerland made no payments toward the Debt on or after January 25, 2019.

21. The Debt entered default.

22. After the Debt entered default, Defendant was retained or otherwise requested to attempt to collect the Debt on behalf of Discover Bank.

23. On January 25, 2022, Defendant, representing Discover Bank, filed a Complaint in the District Court Division of the General Court of Justice for Onslow County, North Carolina, File # 22CVD214 ("the Zwicker Lawsuit").

24. The Zwicker Lawsuit referred to the Debt.

25. By filing the Zwicker Lawsuit, Defendant attempted to collect the Debt.

26. The statute of limitations applicable to the Debt is three years. N.C.Gen.Stat. § 1-52.

27. The Loan Transaction Histories attached as exhibits to the Zwicker Lawsuit indicate that partial payments were made toward the Debt on or about April 20, 2021 ("the Alleged April 2021 Payments").

28. Mr. Floyd did not make the Alleged April 2021 Payments.

29. Mr. Southerland did not make the Alleged April 2021 Payments.

30. Had either Mr. Floyd or Mr. Southerland made the Alleged April 2021 Payments – or any partial payment within three years prior to the filing of the Zwicker Lawsuit, which they each categorically deny – and even if such partial payment would have restarted the statute of limitations applicable to the Debt, it would only have restarted the statute of limitations applicable to the Debt as to the person who made the payment. A partial payment would not have restarted the statute of limitations applicable to the Debt as to the non-paying person. *See* N.C.Gen.Stat. § 1-27; *see also First Citizens Bank & Tr. Co. v. Martin*, 261 S.E.2d 145, 149 (N.C. App. 1979).

31. On March 23, 2022, Defendant filed in the Zwicker Lawsuit a Motion for Entry of Default and Judgment by Default Without a Hearing ("Motion for Entry of Default and Judgment").

Page 5

32. On April 20, 2022, Plaintiffs filed in the Zwicker Lawsuit their Response In Opposition to the Motion for Entry of Default and Judgment. Therein, Plaintiffs 1) stated unequivocally that they did not make any payments within the three years prior to the Zwicker Lawsuit being filed; and 2) stated that even if one of them had made a payment within those three years, the payment would not have restarted the statute of limitations as to the person who did not make the payment.

33. On July 1, 2022, Plaintiff's counsel Craig Shapiro spoke to Defendant's office, specifically attorney Franklin Greene, and explained that neither Plaintiff made a payment within the three years preceding the filing of the Zwicker Lawsuit and requested that it be dismissed. Mr. Greene stated that he would escalate the matter to see if a dismissal could be filed. Mr. Shapiro did not hear back from Mr. Greene or anyone else at Defendant's office.

34. On September 8, 2022, Plaintiff's counsel Craig Shapiro spoke to Defendant's office, specifically attorney Elliot Fraser. Mr. Fraser did not know about the telephone call between Mr. Shapiro and Mr. Greene. Mr. Shapiro again explained the statute-of-limitations issue and requested that the Zwicker Lawsuit

be dismissed. Mr. Fraser indicated that the matter would be re-escalated. Mr. Shapiro did not hear back from Mr. Fraser or anyone else at Defendant's office.

35. On September 22, 2022, Plaintiff's counsel Craig Shapiro spoke to Defendant's office, specifically attorney Jason Binette. Mr. Binette did not know about the telephone calls between Mr. Shapiro and Mr. Greene or Mr. Fraser. Mr. Shapiro again explained the statute-of-limitations issue and requested that the Zwicker Lawsuit be dismissed. Mr. Binette indicated that he would inform Mr. Fraser and ask him to call Mr. Shapiro. Mr. Shapiro did not hear back from Mr. Fraser or anyone else at Defendant's office.

36. Defendant did nothing in the Zwicker Lawsuit until November 28, 2022, when it filed a Motion for Summary Judgment, wherein it sought judgment and collection of the Debt, stated that there was not genuine issue of any material fact, and did not state anything regarding the statute of limitations.

37. As a result of the filing and continued prosecution of the Zwicker Lawsuit by Defendant, Plaintiffs have suffered financial injury, in that they were required to hire counsel and spend time and money to defend the lawsuit. They also suffered aggravation, anxiety, and emotional distress.

38. Plaintiffs demand a trial by jury over all claims.

Page 7

B.  The Fair Debt Collection Practices Act

39.  "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices', which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

40.  "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692(e). Section 1692e forbids the use of 'any false, deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996).

41.  Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The

purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

42. When the least sophisticated consumer receives a communication from an attorney, particularly in the form of legal process, the consumer "knows the price of poker has just gone up." *Adams v. Jackson*, 2019 WL 5865510, at *5 (D.S.C. Apr. 30, 2019) *quoting Avila v. Rubin*, 84 F.3d 222, 229 (7th Cir. 1996).

43. "Federal courts have consistently held that a debt collector violates the FDCPA by filing a lawsuit or threatening to file a lawsuit to collect a time-barred debt." *In re Dubois*, 834 F.3d 522, 527 (4th Cir. 2016). *See also Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014) (collecting cases).

44. The conduct complained of is deceptive to the least sophisticated consumer because he or she is not likely to be familiar with or investigate whether the debt is beyond the statute of limitations.

45. The Federal Trade Commission has determined that "[m]ost consumers do not know their legal rights with respect to collection of old debts past the statute of limitations . . . . When a collector tells a consumer that she

owes money and demands payment, it may create the misleading impression that the collector can sue the consumer in court to collect that debt." (http://www.ftc.gov/opa/2012/01/asset.shtm)

46. Regulation F, 12 C.F.R. § 1006.26, effective November 30, 2021, prohibits filing suit on time-barred debts:

> *Legal actions and threats of legal actions prohibited.* A debt collector must not bring or threaten to bring a legal action against a consumer to collect a time-barred debt.

12 C.F.R. § 1006.26(b).

47. Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> \*\*\*
> (2) The false representation of—
>   (A) the character, amount, or legal status of any debt; …
> \*\*\*
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
> \*\*\*
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e.

48. Section 1692f of the FDCPA provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

15 U.S.C. § 1692f.

## V. <u>COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT</u>

49. Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

50. Defendant's violations of the FDCPA include, but are not limited to:

   A. using any false, deceptive, or misleading representation or means in connection with the collection of any debt in violation of 15 U.S.C. §§ 1692e and e(10);

   B. the false representation of the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

   C. threatening to take any action not permitted by law, in violation of 15 U.S.C. § 1692e(5); and

   D. using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

51. As a result of Defendant's violations of the FDCPA, Plaintiffs are entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI. REQUEST FOR RELIEF

WHEREFORE, Plaintiffs Robert Floyd and Johnny Southerland request that judgment be entered in their favor against Defendant Zwicker & Associates, P.C. for:

    A.    Actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    B.    Statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2);

    C.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3); and

    D.    For such other relief as the Court may find to be just and proper.

January 24, 2023        /s/ Koury Hicks
                                  Koury Hicks (State Bar # 36204)
                                  Law Offices of John T. Orcutt, P.C.
                                  1738 Hillandale Rd, Suite D
                                  Durham, North Carolina 27705
                                  (919) 286-1695
                                  khicks@johnorcutt.com

                                  ATTORNEY FOR PLAINTIFF